UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 16-cv-24737-DPB

PABLO ORTIZ a/k/a PABLO ORTIZ
NUNEZ and all others similarly situated
Under 29 U.S.C. 216(b),

    Plaintiffs,

vs.

REAL MASTERS CONSTRUCTION, INC.; and
ERNEST J. LANNING,

    Defendants.
_____/

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, REAL MASTERS CONSTRUCTION, INC. ("RMC") and ERNEST J. LANNING ("Lanning") (collectively, "Defendants"), by and through undersigned counsel, files their Answer and Affirmative Defenses to Plaintiff, PABLO ORTIZ's ("ORTIZ") Complaint, and states as follows:

1. Defendants are without knowledge as to the allegations set forth in paragraph 1.

2. Defendants are without knowledge as to the allegations set forth in paragraph 2.

3. RMC admits the allegations in paragraph 3 to the extent it conducts business within Miami-Dade County, but denies the remaining allegations set forth therein.

4. Lanning admits the allegations in paragraph 4 to the extent he is an officer of RMC, but denies the remaining allegations set forth therein.

5. Defendants are without knowledge as to the allegations set forth in paragraph 5.

### **COUNT I. FEDERAL OVERTIME WAGE VIOLATION**

6. Defendants are without knowledge as to the allegations set forth in paragraph 6.

7. Defendants are without knowledge as to the allegations set forth in paragraph 7.

CASE NUMBER: 16-cv-24737-DPB

8. Defendants are without knowledge as to the allegations set forth in paragraph 8.

9. Defendants deny the allegations set forth in paragraph 9.

10. Defendants deny the allegations set forth in paragraph 10.

11. Defendants deny the allegations set forth in paragraph 11.

12. Defendants are without knowledge as to the allegations set forth in paragraph 12.

13. Defendants are without knowledge as to the allegations set forth in paragraph 13.

14. Defendants deny the allegations set forth in paragraph 14.

15. Defendants deny the allegations set forth in paragraph 15.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As their First Affirmative Defense, Defendants state that Plaintiff has failed to meet the necessary standard for an award of liquidated damages and is therefore not entitled to an award of liquidated damages as any violation of the FLSA was the result of a good faith belief that Plaintiff was an independent contractor or employee of an independent contractor, and/or exempt from overtime wages, and/or paid and/or offered all of the money to which he is allegedly entitled.

### Second Affirmative Defense

As their Second Affirmative Defense, Defendants state that Plaintiff's claim is barred, in part, based on the 2-year statute of limitations that applies to this claim.  Alternatively, Plaintiff's claim is barred, in part, based on the 3-year statute of limitations should "willful" conduct be found on the part of Defendant.

### Third Affirmative Defense

As their Third Affirmative Defense, Defendants state that they detrimentally relied upon the representations of Plaintiff and those who purported to be Plaintiff's employers, namely

CASE NUMBER: 16-cv-24737-DPB

Villafuerte Gypsum Drywall Corp, Tach's Inc. and/or Mr. Tomas Cartagena, that they and Plaintiff were independent contractors and Plaintiff should now be estopped from claiming otherwise.

### Fourth Affirmative Defense

As their Fourth Affirmative Defense, Defendants state that its records reflect Plaintiff was never an employee of Defendant, Real Masters Construction, Inc., and, instead, Plaintiff was an employee of subcontractors or independent contractors retained by Defendant, Real Masters Construction, Inc.  As such, to the extent Defendant, Real Masters Construction, Inc., was billed and paid for overtime or extra work performed by Plaintiff, Defendants are entitled to a set-off for those amounts.

### **PRAYER FOR ATTORNEYS FEES**

Defendants respectfully request that the Court reserve jurisdiction to award Defendants attorneys' fees incurred in the defense of this action to the extent it is shown that Plaintiff acted in bad faith, vexatiously, wantonly or for other oppressive reasons.

Dated this __7th__ day of December, 2016

Respectfully submitted,

//s// Jon Michael Kendrick
Jon Michael Kendrick
Florida Bar Number:  46188
Email: jmk@kendrick-lawfirm.com
The Kendrick Law Firm
1776 North Pine Island Road, Suite 118
Plantation, Florida 33322
Telephone:  954.776.8115
Facsimile:  954.337.3925
Attorney for Defendants

CASE NUMBER: 16-cv-24737-DPB

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by CM/ECF on  7th   day of December, 2016, to:

J.H. Zidell, Esq.
Joshua Howard Sheskin, Esq.
J.H. Zidell, P.A.
300 – 71st Street, Suite 605
Miami Beach, Florida 33141
Telephone: 305.865.6766
Facsimile: 305.865.7167
zabogado@aol.com
jsheskin.jhzidellpa@gmail.com
Attorney for Plaintiffs

                                                THE KENDRICK LAW FIRM

                                                //s// Jon Michael Kendrick
                                                Jon Michael Kendrick