UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-24737-CIV-WCT

[CONSENT CASE]

PABLO ORTIZ, a/k/a PABLO ORTIZ )
NUNEZ and all others similarly situated under )
29 U.S.C. 216(b), )
              )
    Plaintiff, )
vs. )
              )
REAL MASTERS CONSTRUCTION INC., )
ERNEST J LANNING, )
              )
    Defendants. )
_____ )

## PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE

COMES NOW the Plaintiff, by and through the undersigned, and per the Court's Order [DE41], files Plaintiff's Motion for Order to Show Cause as to the deposition of Non-Party, 30(b)(6) Corporate Representative of Tach's Inc., and in support thereof states as follows:

1. On May 5, 2017, Plaintiff Noticed the Deposition *Duces Tecum* of non-party witness, the 30(b)(6) Corporate Representative of Tach's Inc., to occur on June 9, 2017. Said Notice along with the subpoena was served on Defendants, by and through their counsel, on the same date.

2. As reflected by the attached subpoena, service was effectuated on the non-party witness, 30(b)(6) Corporate Representative of Tach's Inc., on May 11, 2017. *See,* Exhibit "A."

3. On June 9, 2017, Plaintiff's counsel, Defense counsel telephonically, a Court Reporter and translator who were coordinated by Plaintiff's counsel. However, the

     non-party witness, 30(b)(6) Corporate Representative of Tach's Inc., failed to appear as properly subpoenaed.

4. Due to the non-party's failure to appear as properly subpoenaed, Plaintiff's counsel incurred fees in relation to preparation for the depositions and costs in relation to the translator and court reporter. The Court Reporter issues a Certificate of Non-Appearance, which is attached hereto as Exhibit "B."

5. Therefore, Plaintiff respectfully requests entry of an Order to Show Cause as to Non-Party 30(b)(6) Corporate Representative of Tach's Inc.'s failure to appear as properly subpoenaed and to compel said non-part witness to appear on a mutually agreed upon date and time at the undersigned Firm, J.H. Zidell, P.A., or before July 30, 2017. Moreover, Plaintiff respectfully requests an award of fees and costs in relation to the instant Motion, all related work, and fees and costs in relation to preparation for the deposition, the translator, and Court Reporter.

## **MEMORANDUM OF LAW**

The Court has authority pursuant to FRCP 37(a) to compel the depositions. *Hepperle v. Johnston et al.*, 590 F.2d 609, 612 (5th Cir. 1979). The foregoing should constitute good cause to compel said depositions.[1] Non-Party Witness, 30(b)(6) Corporate Representative of Tach's Inc., failed to appear as properly served for its deposition and did not take any steps to advise the

---

[1] "Good cause" is a well established legal phrase. *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11thCir. 1987). Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action. *Id.* In a different context, the Eleventh Circuit court has identified four factors for ascertaining the existence of good cause which include "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1205 (11thCir. 1985). In addition, the Eleventh Circuit has superimposed a "balancing of interests" approach to Rule 26(c). *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11thCir. 1985).

undersigned Firm that same would not be able to appear as properly served. Plaintiff's counsel has not been contacted by an attorney or otherwise on behalf of 30(b)(6) Corporate Representative of Tach's Inc. with regards to the subpoena and said witness's failure to appear on June 9, 017.

Pursuant to Rule 37(a)(4)(A);

> …the Court **shall**, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court find that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objections was substantially justified, or that other circumstances make an award of expenses unjust.

Plaintiff respectfully requests the Court compel 30(b)(6) Corporate Representative of Tach's Inc., to show cause as to Non-Party 30(b)(6) Corporate Representative of Tach's Inc.'s failure to appear as properly subpoenaed and to compel said non-part witness to appear on a mutually agreed upon date and time at the undersigned Firm, J.H. Zidell, P.A., or before July 30, 2017. Moreover, Plaintiff respectfully requests an award of fees and costs in relation to the instant Motion, all related work, and fees and costs in relation to preparation for the deposition, the translator, and Court Reporter. The fact that the deposition did not proceed as properly served has frustrated Plaintiff's ability to establish record evidence to present to the Jury and Plaintiff cannot let the discovery burn-out and prejudice Plaintiff's case.

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THE COURT ENTER AN ORDER TO SHOW CAUSE AS TO NON-PARTY 30(b)(6) CORPORATE REPRESENTATIVE OF TACH'S INC.'S FAILURE TO APPEAR AS PROPERLY SUBPOENAED AND TO COMPEL SAID NON-PART WITNESS TO APPEAR ON A

MUTUALLY AGREED UPON DATE AND TIME AT THE UNDERSIGNED FIRM, J.H. ZIDELL, P.A., OR BEFORE JULY 30, 2017. MOREOVER, PLAINTIFF RESPECTFULLY REQUESTS AN AWARD OF FEES AND COSTS IN RELATION TO THE INSTANT MOTION, ALL RELATED WORK, AND FEES AND COSTS IN RELATION TO PREPARATION FOR THE DEPOSITION, THE TRANSLATOR, AND COURT REPORTER.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By: /s/ Neil Tobak
Neil Tobak, Esq.
ntobak.zidellpa@gmail.com
Florida Bar Number: 093940

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 7, 2017, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

Jon Michael Kendrick, Esq.
The Kendrick Law Firm
1776 North Pine Island Road, Suite 118
Plantation, FL 33322
Ph: 954-776-8115
Fax: 954-337-3925
Email: jmk@kendrick-lawfirm.com

BY:__/s/____Neil Tobak_____
NEIL TOBAK, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-24737-CIV-WCT

[CONSENT CASE]

PABLO ORTIZ, a/k/a PABLO ORTIZ
NUNEZ and all others similarly situated under
29 U.S.C. 216(b),

       Plaintiff,

vs.

REAL MASTERS CONSTRUCTION INC.,
ERNEST J LANNING,

       Defendants.
_____

**ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE**

This matter came before the undersigned regarding Plaintiff's above-described Motion, and the Court being advised in the premises, it is ORDERED AND ADJUDGED that Plaintiff's Motion is hereby granted as follows:

1. 30(b)(6) CORPORATE REPRESENTATIVE OF TACH'S INC.'S IS HEREBY ORDERED TO SHOW CAUSE AS TO WHY THEY FAILED TO APPEAR AS PROPERLY SERVED FOR THE DEPOSITION THAT WAS SET TO OCCUR ON JUNE 9, 017;

2. 30(b)(6) CORPORATE REPRESENTATIVE OF TACH'S INC.'S SHALL APPEAR ON A MUTUALLY AGREED UPON DATE AND TIME ON OR BEFORE JULY 30, 2017, AT PLAINTIFF'S COUNSEL'S FIRM, J.H. ZIDELL, P.A.;

3. PLAINTIFF IS HEREBY AWARDED SANCTIONS FOR ALL FEES AND COSTS ASSOCIATED WITH ATTORNEY PREPARATION TIME FOR  30(b)(6)

CORPORATE REPRESENTATIVE OF TACH'S INC.'S DEPOSITION ORIGINALLY SET TO OCCUR ON JUNE 9, 2017, ALL COSTS RELATED TO DEFENDANTS' FAILURE TO APPEAR AS NOTICED (I.E. CERTIFICATE OF NON-APPEARANCE/COURT REPORTER, TRANSLATOR), HAVING TO FILE THEIR MOTION AND ALL RELATED WORK; AND

4. PLAINTIFF SHALL FILE WITHIN (20) DAYS OF THIS ORDER A MOTION REQUESTING ASSESSMENT BASED ON FIGURES TO BE PROVIDED BY PLAINTIFF REGARDING ALL REASONABLE FEES AND COSTS.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of _____ 2017.

_____
WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE

Copies to:   Counsel of Record