UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 16-cv-24737-DPB/WCT

PABLO ORTIZ a/k/a PABLO ORTIZ
NUNEZ and all others similarly situated
Under 29 U.S.C. 216(b),

    Plaintiffs,

vs.

REAL MASTERS CONSTRUCTION, INC.; and
ERNEST J. LANNING,

    Defendants.
_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S "NOTICE OF HEARING" ON DISCOVERY DISPUTES

Defendants, REAL MASTERS CONSTRUCTION, INC. ("RMC") and ERNEST J. LANNING ("Lanning") (collectively, "Defendants"), by and through undersigned counsel, files this Response in Opposition to Plaintiff's "Notice of Hearing" on Discovery Disputes, and in support thereof states:

### PROCEDURAL HISTORY

1. All parties were last before the Court on July 6, 2017, on Plaintiff's "notice of hearing" requesting sanctions against a non-party for failing to appear at a deposition, and concerning discovery responses from Defendants. [DE 39]. With respect to Defendants, Plaintiff argued that Defendants' responses to request for admissions were untimely and should be deemed admitted. This argument was patently false as the requests for admissions were served on April 28, 2017, and timely responded to on May 30, 2017 (Monday, May 29, 2017, was Memorial Day). Plaintiff then represented to the Court that Plaintiff's second request for production and second set of interrogatories were still unresponded to as of that date. Plaintiff was apparently unaware that

discovery responses had in fact been served the day before the hearing, despite those responses being properly served on two attorneys for Plaintiff. Thus, the Court ordered that Plaintiff's motion with respect to Defendants was moot. [DE 41].

    2.    With respect to the non-party, the Court directed Plaintiff to file a Motion to Show Cause since Plaintiff failed to serve the non-party with notice of the July 6, 2017, hearing. [DE 41]. Plaintiff subsequently filed a Motion for Order to Show Cause [DE 42] and the Court entered an Order to Show Cause directing the non-party to appear before the Court on July 13, 2017. [DE 43]. Counsel for Defendant did not appear at the hearing because undersigned was in Daytona, Florida, in a nearly week long Final Arbitration Hearing; in addition to the fact that the Show Cause Hearing was unrelated Defendants. Plaintiff's counsel was previously advised on multiple occasions that undersigned was unavailable the week of July 10, and even provided Plaintiff's counsel with the order setting the Final Arbitration Hearing showing that those days were in fact set aside. Apparently counsel for Plaintiff took the opportunity at the July 13, 2017, Show Cause Hearing to discuss discovery disputes with the Court that had not been first discussed with undersigned and, based on those representations, the Court has ordered Defendants to appear at another hearing unilaterally set for July 20, 2017. [DE 46].

    3.    However, there is no pending motion. Local Rule 26.1(g)(2) requires a party wishing to attack the sufficiency of discovery responses to file a motion specifically identifying each interrogatory or request for production and the party's reasons why the response is insufficient. Plaintiff has filed no such motion in this case. Additionally, Local Rule 7.1(a)(3) requires Plaintiff to certify in its motion that it has conferred in good faith with Defendants in an attempt to resolve the discovery dispute, and certify what issues were resolved and what issues were not resolved. Further, "[f]ailure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction,

which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." S.D. Loc. R. 7.1(a)(3).

4. Notwithstanding, Defendants file this response in opposition in an abundance of caution.

## ARGUMENT OF LAW

**I. Defendants failure to timely respond to Plaintiff's discovery requests should be excused for good cause as the parties agreed that discovery responses could be delayed while the parties participated in ongoing settlement discussions.**

5. On May 30, 2017, Defendants sent an email to Plaintiff requesting an extension of time to respond to Plaintiff's second round of discovery requests, many of which were duplicative of Plaintiff's first round of discovery request to which hundreds of pages of documents were produced. Defendants' request went unresponded to. The parties subsequently spoke and, while Plaintiff maintained that all objections where waived the very second the responses were late and irrespective of Plaintiff's lack of response to Defendants request for extension of time, the parties agreed that the discovery responses could be postponed to avoid unnecessary costs in anticipation of mediation that was scheduled for June 20, 2017. The parties attended mediation on June 20, 2017, and continue to engage in settlement negotiations in the weeks after, including all the way leading up to and after the July 6, 2017, hearing. A settlement was clearly not reached and Plaintiff is now taking "gotcha" tactics relating to Defendants failure to respond while settlement discussion were ongoing.

6. As a general rule, when a party fails to timely object to discovery requests those objections are deemed waived; provided, however, the court may excuse a timely response for good cause. *Wynmoor Comm. Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 685 (S.D. Fla. 2012); *Eanes v. Bank of Fla.-S.E.*, 2008 WL 686959 at 2 (S.D. Fla. 2008) (finding that good causes

existed to excuse party's failure to timely respond to discovery where party's failure to resulted from its counsel moving offices).

7.      In this case, certainly the attorneys have a professional obligation to their clients not to incur any unnecessary attorneys' fees, especially in cases such as these that are largely fee driven, where incurring those fees will impede settlement.  Plaintiff should not be permitted to use the lack of response to Defendants request for extension of time as a sword.  If Plaintiff objected to the request, Plaintiff should have timely notified Defendants so that Defendants could have taken appropriate action.

**II.     Even if Defendants waived their right to object, the Court may still nonetheless use its inherent power to control discovery to narrow the scope of discovery requests that are patently overbroad or irrelevant.**

8.      Even where untimely discovery responses are filed and any objections are deemed waived, the Court has a duty and the inherent authority to control discovery and may nonetheless limit the scope of the discovery sought.  *Walinbay S.A. v. Fresh Results, LLC*, 2014 WL 1267170 at 2 (S.D. Fla. 2014) *citing Stone v. Zimmer*, 2009 WL 9567924 at 2 (S.D. Fla. 2009); *see Steel v. NCC Recovery, Inc.*, 2013 WL 12170585 at 2 (M.D. Fla. 2013) (even where defendant waives its right to object by failing to timely file discovery responses the Court has the inherent authority to deny compelling discovery on requests that are patently overbroad); *Bordt v. MGM Investment Props., LLC*, 2013 WL 12156532 at 2 (M.D. Fla. 2013) (noting that the court has an independent obligation to oversee discovery and will limit the scope of discovery requests where they are overbroad irrespective of whether the opposing party failed to timely object).

9.      In this case, many of Plaintiff's requests for production that Defendants' take issue with include vague and overbroad requests of "all documents of whatever kind."  Even if Defendants' objections were waived, Defendants cannot provide any meaningful response without further specificity on what Plaintiff is requesting.  Further, Plaintiff seeks tax return and bank

records of the individual defendant in this matter which are completely irrelevant to any issue being litigated.

10.   With respect to Plaintiff's second set of interrogatories, the Court need not read any further than the definitions where Plaintiff defines that "action" that the interrogatories are directed to as "<u>Prada v. Cuba Tobacco Cigar, Co. et al</u> Case No.: 1:17-cv-20380-JJO pending in the United States District Court for the Southern District of Florida."  This alone creates and ambiguity in all of Plaintiff's second set of interrogatories and would make each objectionable.  Defendant did not do so, however, and in good faith attempted to answer each interrogatory to the best of its ability.  Even removing the qualifications and objections raised by Defendant in its answers, the answer are complete.

WHEREFORE, REAL MASTERS CONSTRUCTION, INC. and ERNEST J. LANNING, respectfully request that this Court enter and Order denying any relief requested by Plaintiff in its "Notice of Hearing" and grant such additional relief as the Court deems appropriate.

Dated this __19th__ day of July, 2017

                Respectfully submitted,

                //s// Jon Michael Kendrick
                Jon Michael Kendrick
                Florida Bar Number:  46188
                Email: jmk@kendrick-lawfirm.com
                The Kendrick Law Firm
                1776 North Pine Island Road, Suite 118
                Plantation, Florida 33322
                Telephone:  954.776.8115
                Facsimile:  954.337.3925
                Attorney for Defendants

CASE NO.: 16-cv-24737-DPB/WCT

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by CM/ECF on  19th  day of July, 2016, to:

J.H. Zidell, Esq.
Neil Tobak, Esq.
J.H. Zidell, P.A.
300 – 71st Street, Suite 605
Miami Beach, Florida 33141
Telephone: 305.865.6766
Facsimile: 305.865.7167
zabogado@aol.com
ntobak.zidellpa@gmail.com
Attorneys for Plaintiffs

THE KENDRICK LAW FIRM

//s// Jon Michael Kendrick
Jon Michael Kendrick